THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:13-cv-00023-MR

| | |
|---|---|
| THOMAS E. PEREZ[1],<br>Secretary of Labor, United States<br>Department of Labor,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>KEITH VINSON, TRADITION, LLC,<br>and TRADITION, LLC, GROUP<br>HEALTH PLAN,<br><br>　　　　　　Defendants. | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's "Update Regarding Service on Tradition, LLC and Tradition, LLC Group Health Plan [Doc. 11].

The Plaintiff commenced this action against the Defendants Keith Vinson, Tradition, LLC, and Tradition, LLC, Group Health Plan on January 25, 2013. [Doc. 1]. On July 2, 2013, the Court entered an Order directing the Plaintiff to show cause why the Plaintiff's claims against Defendant

---

[1] Thomas E. Perez became the Secretary of Labor on July 23, 2013 and accordingly is hereby substituted as the Plaintiff herein. See Fed. R. Civ. P. 25(d).

Vinson should not be dismissed for failure to prosecute and why the Plaintiff's remaining claims should not be dismissed for the failure to effect service on Defendants Tradition, LLC and Tradition, LLC Group Health Plan (collectively, "the Tradition Defendants"). [Doc. 7].

On July 15, 2013, the Plaintiff filed a Response to the Show Cause Order, indicating that service was obtained upon Defendant Vinson[2] and requesting an extension of time to serve process on the Tradition Defendants. [Doc. 8]. The Court discharged the Show Cause Order and granted the Plaintiff's request for additional time to serve the Tradition Defendants. [Text-Only Order entered July 16, 2013]. On July 18, 2013, the Plaintiff filed a Waiver of the Service of Summons with respect to Tradition, LLC. The Waiver indicates that it was sent to Tradition, LLC on March 8, 2013, but that it was not executed by Defendant Vinson on behalf of Tradition, LLC until July 16, 2013. [Doc. 9]. To date, Tradition, LLC has failed to answer or otherwise appear in this action, and it does not appear that the Plaintiff has taken any further action to attempt to serve this Defendant.

---

[2] Defendant Vinson subsequently filed a *pro se* Answer on July 18, 2013. [Doc. 10].

On August 23, 2013, the Plaintiff filed the present "update" regarding service on the Tradition Defendants. In this pleading, the Plaintiff references the Waiver of Service of Summons executed by Defendant Vinson on behalf of Tradition, LLC on July 16, 2013. With respect to Tradition, LLC Health Plan, the Plaintiff notes that Defendant Vinson has declined to sign a waiver of service on behalf of this Defendant and the Health Plan was terminated in 2009 due to the Health Plan fiduciaries' failure to pay premiums. In light of these facts, the Plaintiff requests that despite the lack of service of process the Health Plan remain in the case as a "necessary party." [Doc. 11].

Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The Plaintiff has failed to show good cause for failing to effect service on the Tradition Defendants within the 120 day period prescribed by Rule 4(m). Without proper service, there is no basis for

these Defendants to remain in this action as "necessary parties." Accordingly, these Defendants shall be dismissed without prejudice from this action.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendants Tradition, LLC and Tradition, LLC Group Health Plan are hereby **DISMISSED WITHOUT PREJUDICE** from this action.

**IT IS FURTHER ORDERED** that the Plaintiff and Defendant Vinson shall conduct an initial attorneys' conference within fourteen (14) days of the entry of this Order and file a certificate of initial attorneys' conference within seven (7) days thereafter.

**IT IS SO ORDERED.**

Signed: September 6, 2013

Martin Reidinger
United States District Judge